UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRANDON LAMONT HUGHES,

Defendant.
_____/

Case No. 19-mj-30174-DUTY-1

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

# OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL DETENTION ORDER

## I. INTRODUCTION

On April 9, 2019, the United States Government filed a Criminal Complaint against Defendant Brandon Hughes, alleging he violated 18 U.S.C. § 922(g)(1) by being a Felon In Possession of a Firearm. Dkt. No. 1. Hughes appeared before Magistrate Judge R. Steven Whalen on July 30, 2019 for a bond hearing, where the Magistrate found that no conditions existed which could reasonably assure both Hughes' appearance at future court proceedings and the safety of the community. Accordingly, Magistrate Judge Whalen Ordered Hughes detained pending trial.

Hughes now appeals Magistrate Judge Whalen's Order. A hearing on the appeal was held on August 1, 2019. For the reasons stated on the record, and set forth below, the Court will AFFIRM the Pretrial Detention Order.

-1-

## II. BACKGROUND

On March 25, 2019, several City of Detroit Police Officers were positioned in the area of East Milwaukee and Woodward Avenue when they observed Defendant Hughes walking on the sidewalk with a black nylon holster protruding from underneath his shirt. *Id.* at p. 3 (Pg. ID 3). The Officers observed Hughes look in their direction and then stop behind a black Nissan vehicle that was parked. *Id.* With his right hand, Hughes reached down to his hip and grabbed the black holster. *Id.* This was followed by Hughes making an upward motion, and then another, straight down to the ground. *Id.*

Subsequently, the Officers, believing Hughes had just discarded a weapon, got out of their vehicle and approached him. *Id.* The Officers asked Hughes if he had a concealed permit license, to which he replied, yes. *Id.* Hughes also told the Officers that his firearm was in his car. *Id.* But after checking the area near the black Nissan where Hughes had been standing, the Officers recovered a black handgun underneath the vehicle. *Id.*

The Officers were later able to confirm that Hughes did not have a concealed weapon permit. *Id.* at p. 4 (Pg. ID 4). In addition, the Officers discovered that Hughes had five felony convictions dating back to 2012. *Id.* Hughes has thus been charged with being a Felon in Possession of a Firearm.

## III. Discussion

Title 18 of United States Code section 3145 permits a district court to review a magistrate judge's detention order. 18 U.S.C. § 3145(b). "The default position of law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Hence, pretrial detention should be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure [1] the appearance of the person as required and [2] the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the defendant and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. *See* 18 U.S.C. § 3142(g). Upon review of these four factors, the Court finds that there are no conditions of pretrial release that could reasonably assure Defendant Hughes' appearance at future court proceedings or the safety of the community.

### 1. Nature and Characteristics of the Charged Offense

Hughes is charged in this matter with being a Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1). While the unlawful possession of a

firearm is not a crime of violence, it certainly constitutes a serious crime. *See United States v. Peake-Wright*, 567 F. App'x 355, 357 (6th Cir. 2014) (finding the district court appropriately considered "Congress's determination that possession of a firearm by a felon should be treated very seriously" and fairly assessed that "felons use firearms in ways that are destructive") (internal citations omitted). This is especially true considering Hughes was concealing the weapon on his person and in a public setting, where he had ready access to it at all times. Hence, this first factor will weigh in favor of detention.

### 2. Weight of the Evidence Against Defendant

The second factor the Court must consider is the weight of the evidence against the Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948.

Here, there are a number of examples in Defendant's past that would suggest he poses a danger to the public. In 2014, Defendant was arrested and charged multiple times with the crimes of Assault with Intent to do Great Bodily Harm, Felonious Assault, and Domestic Violence. Further, in 2016, Defendant was charged with and convicted of 4th Degree Criminal Sexual Conduct, which triggered a requirement that he register as a sex offender. Defendant has failed to comply with this requirement and has several outstanding warrants as a result.

Considering Defendant's history of physical and sexual violence, and his non-compliance with the sex offender registry laws, this second factor will also weigh in favor of detention.

**3. History and Characteristics of Defendant**

The third factor requires the Court to review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

With respect to the first statutory category, the Court has several concerns. Most notably, Defendant currently has three outstanding warrants for his failure to appear in state court. Moreover, as previously discussed, Defendant has a lengthy criminal history, including thirteen different arrests since 2012.

Regarding the second statutory category, while it does not appear that Defendant was on probation at the time of his current arrest, it is worth noting that

he has been arrested on multiple occasions while on probation for his previous crimes. When considered in whole, Defendant's history suggests he is someone who consciously disregards the law. It follows, this third factor will weigh in favor of detention.

### 4. Nature and Seriousness of Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). Here, for all the reasons set forth above, and discussed on the record, the Court finds that Defendant would pose a danger to the community if released. Furthermore, the Court finds that there is no combination of conditions that could be imposed that would reasonably assure Defendant's appearance at future court proceedings and the safety of the public. Accordingly, this fourth factor weighs in favor of detention.

### IV. CONCLUSION

For the reasons stated herein, the Court will AFFIRM the Magistrate Judge's Pretrial Detention Order.

IT IS SO ORDERED.

Dated: August 7, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 7, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern<br>
Case Manager